**RENTCLUB, INC., a Florida corporation, Plaintiff,**

v.

**TRANSAMERICA RENTAL FINANCE CORPORATION, a Delaware corporation, Defendant.**

**TRANSAMERICA RENTAL FINANCE CORPORATION, a Delaware corporation, Counter–Plaintiff**

v.

**RENTCLUB, INC., a Florida corporation; Michael H. McCaskey and Maria M. McCaskey, Counter–Defendants.**

**No. 90–1452–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 10, 1992.

For order disqualifying counsel, see 811 F.Supp. 651.

260

David M. Snyder, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, Fla., Marion Hale, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, Fla., for plaintiff.

Mark A. Levine, Dennis Michael Campbell, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the motion of Counter-defendants Michael H. McCaskey and Maria M. McCaskey to amend the order dated June 30, 1992, 1992 WL 161059, disqualifying Trenam, Simmons, Kemker, Sharf, Barkin, Frye, & O'Neill (Trenam, Simmons) from further participation in this litigation. The motion requests amendment of the order to certify four questions of law for interlocutory review pursuant to 28 U.S.C. § 1292(b).

The Final Order Doctrine limits the jurisdiction of federal appellate courts to appeals from all final decisions of the district courts. 28 U.S.C. § 1291. One exception to the Final Order Doctrine is set forth 28 U.S.C. § 1292(b). This provision allows a district court to certify for immediate appeal

> [A]n order not otherwise appealable under this section ... when the court is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

By bringing its motion exclusively under § 1292(b), Counter-defendants have apparently assumed that this Court's order to disqualify counsel is not a final order for purposes of appeal. In making this assumption they fail to recognize the clear law of this circuit. In the Eleventh Circuit a district court order disqualifying counsel is a final order immediately appealable under 28 U.S.C. § 1291. *United States v. Hobson,* 672 F.2d 825, 826 (11th Cir.1982); *Norton v. Tallahassee Memorial Hospital,* 689 F.2d 938, 941 (11th Cir.1982); *see also* 51 A.L.R.Fed. 678. Appeal of this order should properly go forward as appeal of a final order under § 1291.

It is thus apparent that the Counter-defendants have improperly moved this court for interlocutory certification of an immediately appealable final order to disqualify counsel. In so doing, Counter-defendants have failed to follow the proper procedure for taking appeal of a final order. Under the Federal Rules of Appellate Procedure, an appeal as of right of a final order of a district court shall be taken by filing notice of appeal with the clerk of the district court. Rule 3(a), Fed.R.App.P. The notice of appeal must be filed within thirty days of the entry of the order appealed from. Rule 4(a)(1), Fed.R.App.P. The order to disqualify counsel was dated June 30, 1992. Clearly, the thirty day time period for filing notice of appeal has lapsed.

A district court may, upon showing of excusable neglect or good cause, extend the period for filing notice of appeal. However, such an extension of time may only be granted upon motion filed not later than thirty days after the expiration of the time prescribed for filing notice of appeal. Rule 4(a)(5), Fed.R.App.P. No such motion has been filed by Counter-defendants, and the time period in which this Court could hear such a motion has lapsed.

This Court is aware of no authority by which an immediately appealable final order may be certified for interlocutory appeal after the time periods for filing notice of appeal and for filing a motion for extension of time have lapsed. Furthermore,

Counter-defendants have made no arguments in support of this Court taking such action. Accordingly, it is

ORDERED that Counter-defendants' motion to amend June 30, 1992 order disqualifying counsel to certify questions under 28 U.S.C. § 1292(b) be denied.

DONE AND ORDERED.